NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYNOR GIOVANNI BARILLAS DE LEON,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-72548<br><br>Agency No. A070-816-065<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Mynor Giovanni Barillas De Leon, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

his motion to reopen removal proceedings held in absentia based on the ineffective

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011), and we deny the petition for review.

The agency did not abuse its discretion in denying Barillas De Leon's motion to reopen as untimely where the motion was filed twelve years after his removal order became final, *see* 8 C.F.R. § 1003.23(b)(4)(ii), and Barillas De Leon failed to show the due diligence required for equitable tolling of the filing deadline, *see Avagyan,* 646 F.3d at 679 (equitable tolling is available to a petitioner who is prevented from filing because of deception, fraud or error, and exercised due diligence in discovering such circumstances). Contrary to Barillas De Leon's contentions, the BIA acted in accordance with this court's precedent when considering Barillas De Leon's failure to investigate the status of his case for a number of years. *See id.* (explaining that "if petitioner is ignorant of counsel's shortcomings, whether petitioner made reasonable efforts to pursue relief" is a consideration when assessing diligence).

**PETITION FOR REVIEW DENIED.**